**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DERON BRUNSON,

        Plaintiff-Appellant,

v.

AMERICAN HOME MORTGAGE
SERVICING, INC.; LAW OFFICES
OF WOODALL & WASSERMAN;
JAMES H. WOODALL; AURORA
LOAN SERVICES, LLC,

        Defendants-Appellees.

No. 10-4103
(D.C. No. 2:09-CV-00436-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY** and **BALDOCK**, Circuit Judges, **BRORBY**, Senior
Circuit Judge.

---

In 2007, Deron Brunson obtained a loan to purchase property on which he

intended to build his residence. He defaulted on the loan. In response to

imminent foreclosure proceedings, Mr. Brunson filed a state-court lawsuit against

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the loan servicers and trustee, asserting claims for violation of certain federal statutes, wrongful foreclosure, and negligence. Defendant American Home Mortgage Servicing filed a notice of removal to federal district court. Defendants Woodall & Wasserman and James H. Woodall (collectively the Woodall defendants), who had been served in the state-court action, consented to removal, as did defendant Aurora Loan Services.

Shortly after their deadline to file a responsive pleading had expired, the Woodall defendants filed their motion to dismiss. However, the day before the Woodall defendants filed their responsive pleading, Mr. Brunson lodged with the clerk's office proposed default certificates and judgments as to the Woodall defendants, who in turn filed a motion to have them stricken.

The district court granted the defendants' motions to dismiss for failure to state any claims for relief. In the same order, the court denied the Woodall defendants' motion to strike, but found that because "the proposed orders and judgments [reflecting a default]. . . are not signed by the Court, they are of no effect." R. Vol. 2 at 101.

For his first argument, Mr. Brunson argues that the district court "failed to apply Rule 55 of the FRCP." Aplt. Opening Br. at 5. We assume, without deciding, that the Woodall defendants were tardy in filing their responsive pleading and that a default could have entered. But by the time the proposed default came before the court, the Woodall defendants had filed their responsive

-2-

pleading, which the court elected to consider, thereby rendering Mr. Brunson's request moot. More to the point, Mr. Brunson fails cite any authority or develop any argument that the court was required to sign his proposed orders and judgments under these circumstances. *See United States v. Banks*, 451 F.3d 721, 728 (10th Cir. 2006) (refusing to address an argument that is not supported by any legal authority).

Mr. Brunson's next argument is that his true claim is that he "was never given a copy of the promissory note." Aplt. Opening Br. at 4. Without a copy of the note, he argues that he does not know "if the terms of the Note are truly justifiable[.]" *Id.* He further contends that "[i]f Defendants do not own the Note or are not in possession of the Note with the rights of the holder, then they have no standing to enforce it, either to collect upon it or to conduct a non-judicial foreclosure on it." *Id.*

Setting aside the fact that his argument concerning the promissory note appears to be a defense to a foreclosure action and not a claim for relief, "[g]enerally, an appellate court will not consider an issue raised for the first time on appeal." *Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1232 (10th Cir. 1997). Applying this rule, we decline to consider this argument.

The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge